### PATRICK GALLAGHER *versus* GEORGE N. BLACK.

Where the alleged acceptance of an order is ambiguous on its face, and can be explained so as to ascertain the true intention of the parties by parol testimony, it is properly admissible for that purpose.

If one refuses to accept an order, but writes upon it at the same time what may fairly be understood as an acceptance, he will be bound by it against a *bona fide* holder as though he intended to accept.

In the absence of evidence as to when or how the plaintiff obtained an order, where the acceptance would have been ineffectual in the hands of the original payee, he must prove that he became the owner at the date of the acceptance, and for a valuable consideration.

EXCEPTIONS were taken to the rulings of APPLETON, J., at *Nisi Prius.*

The action is ASSUMPSIT on an order in these words:

"MR. GEORGE N. BLACK—*Sir:* Please pay David McLoud, or bearer, eighty dollars, in June next, it being for work in the woods. THOMAS WILLIAMS."

April 1, 1854.

On the back of same are these words:

" April 4, 1854. Received five dollars, $5,00."

Gallagher *v.* Black.

And also what the plaintiff contended to be the word "accepted," and what the defendant contended to be a part only of said word, and designedly obliterated.

It was admitted that whatever was written on the back of said order, was in the handwriting of the defendant.

The defendant testified, that the payee presented the order on April 4, 1854, and that at that time he refused to accept the order, and wrote a part of the word "accepted," by mistake, and at the same moment rubbed his thumb over the same, intending to obliterate it, and then wrote the other words, and that it was understood between him and the payee, that he would pay only $5,00 and no more, and that he never accepted it, but always refused to accept it, and one question was, whether it had been accepted or not.

There was no evidence of any kind tending to show when or how the plaintiff became the owner of it, saving what was to be inferred from the order and writ, if anything.

Among other instructions not complained of were these :

That if the defendant refused to accept, and wrote the word "accept" or "accepted," by mistake, and immediately erased or obliterated it, and indorsed $5,00, and it was perfectly understood between him and the payee that it was all he would pay, still as against a *bona fide* holder for consideration, if he so carelessly obliterated the word aforesaid that such a holder, without notice, would, while acting with ordinary care and prudence, have been deceived as to said intention to obliterate, from the appearance of the order, in such case the defendant would be bound just as much as if he had actually intended to accept and had accepted.

That in such case there being no evidence on the subject as to when or how the plaintiff got the order, it being now in his possession, the presumption would be that he became the owner at the date of the acceptance, and for a valuable consideration.

The verdict was for the plaintiff.

*John A. Peters* argued in support of the exceptions.

We contend that there was no presumption that the plaintiff became the holder before the maturity of the order. There are certain presumptions which we freely admit, because the cases are so uniform as to conclude us.

We admit that a person holding a note payable to bearer or indorser, is so far presumed to be the valuable and rightful owner of such paper that it will protect the maker in paying the same to them, if found in their hands over due. This is founded on a necessity, and is a presumption created to protect the maker.     Mark the difference—protect the maker.   A holder can protect himself.   He can show where and how he got a note.   A maker who has paid it cannot show where the holder obtained it.   I do not find, on examination, that the cases proceed any further.

Next, I will admit (subject to a point taken hereafter,) that where a note is in the hands of an indorser, which has been negotiated by the regular indorsement of the payee, that *prima facie* it is presumed to have been indorsed at the date of the note, and for a reason which does not apply to a note payable to bearer and passed without an indorsement. It is a rule of law that where there are several contracts in writing upon paper, and the paper not showing to the contrary, each contract is presumed to attach to the date of the paper, if it has but one ; thus a note is indorsed in blank.   Now when was the indorsement made.   Of itself it has no date. The note is dated January 1 ; therefore there is a conclusion that the indorsement was made then.

But with a note to bearer and no indorsement, it is otherwise.   The same rule applies as to any personal property; title rests not upon an indorsement which is a contract in writing equivalent to a bill of sale, but rests upon such evidence as arises by possession.

What is such evidence ?   Why, possession is evidence of title from time of possession, against every person except one who proves a prior possession; and title commences from the date of such possession.   And in case of property which passes by delivery, like a note or bank bill, a later

possession is better *prima facie* than an early one, because the bearer of it, by its own terms, is *prima facie* owner of it. But when did he become the bearer of it?—no evidence but possession. It is when he first proves a possession. And in this case it is proved to be at the date of the writ, long after the maturity of the paper. The presumption here is, that the plaintiff was the lawful possessor of the note, but there is no presumption that he secured it before the date of the writ. 9 Cush. R., 148, 476.

In another respect we maintain that the court were in er-for. And that is, that in this case there was a presumption that the plaintiff was a holder for a valuable consideration.

There might have been such a presumption, if we had not shown that there were facts constituting a defence against the original payee, upon the ground that Black never accepted the order.

As between Black and McLoud, the payee, McLoud's attempt to pass it off, if he did, as a *bona fide* and complete acceptance, was a fraud. There was no legal contract or consideration in such case.

The court say that if defendant refused to accept, and by accident left words on the order, which the payee endeavored fraudulently to use and pass off, that in *such case* the plaintiff would be presumed to have got it for a valuable consideration. This was wrong. *Perrin* v. *Noyes*, 39 Maine R., 384.

If our pretension is well founded, to wit : that there never was an acceptance, as understood by the payee, and if the payee passed it as an accepted order, was it not by him fraudulently put in circulation, as far as we are concerned?

The jury were clearly mislead. They supposed, and could not suppose anything else, that notwithstanding all the circumstances of this case, if all our proof was believed, still that the presumption weighed against us, and of course there was nothing to remove such presumption in the case.

*C. P. Brown*, counsel for the plaintiff.

CUTTING, J. At the trial one question submitted to the

jury was, whether the defendant had accepted the order. And under the circumstances it was a question proper for their consideration. The alleged acceptance was ambiguous on its face, and could be explained so as to ascertain the true intention of the parties by parol testimony, which was for such cause properly admitted.

The instructions of the judge to the jury, in substance, were—" that if the defendant did not accept, but refused to accept, and it was so understood between him and the payee, still as against a *bona fide* holder for consideration, if he so carelessly obliterated the word aforesaid, that such holder without notice, would, while acting with ordinary care and prudence, have been deceived as to said intention to obliterate, from the appearance of the order; in such case defendant would be bound as much as if he had actually intended to accept and had accepted. That in such case, there being no evidence on the subject, as to when or how the plaintiff got the order, it being now in his possession, the presumption would be that he became the owner at the date of the acceptance, and for a valuable consideration."

This charge embraces one error, which is as to the legal presumption. The evidence tended to show, and the charge assumed, that the acceptance would have been ineffectual in the hands of the original payee. In such event proof, to be produced by the holder, must be substituted for the presumption. This doctrine is now well established by reason and authority. *Munroe* v. *Cooper*, 5 Pick. R., 412; *Aldrich* v. *Warren*, 16 Maine R., 465; *Perrin* v. *Noyes*, 39 Maine R., 384; *Bissill* v. *Morgan*, 11 Cush. R., 198.

*Exceptions sustained, and a new trial granted.*